**[J-71-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| BALFOUR BEATTY COMMUNITIES, LLC AND AETC HOUSING, LP, | : | No. 69 EAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| Appellees | : | Superior Court at No. 149 EDM |
| | : | 2023 entered on October 26, 2023, |
| | : | denying the petition for permission |
| v. | : | to appeal the Order of the |
| | : | Philadelphia County Court of |
| | : | Common Pleas at No. 201000586, |
| PENN PATRIOT INSURANCE COMPANY, | : | entered on August 14, 2023. |
| | : | |
| Appellant | : | ARGUED:  September 11, 2025 |

**CONCURRING STATEMENT**

**JUSTICE BROBSON**                                        **FILED: December 19, 2025**

I join the *per curiam* order dismissing this appeal as improvidently granted.  Under Section 702(b) of the Judicial Code, and regardless of whether a lower court certifies a matter for immediate appeal, our intermediate appellate courts retain the *discretion* to grant or deny a petition for permission to appeal an otherwise unappealable interlocutory order.  42 Pa. C.S. § 702(b) ("The appellate court may thereupon *in its discretion*, permit an appeal to be taken from such interlocutory order." (Emphasis added)).  In my view, the authority of an intermediate appellate court to manage its discretionary docket by denying such petitions should not be subject to further appellate review by this Court, excepting only those rare instances that would warrant exercise of our extraordinary jurisdiction. *See* 42 Pa. C.S. § 726; Pa. R.A.P. 3309.  Left to my own devices, I would refer this matter to our Appellate Rules Committee with directions to consider and recommend revisions to Rule of Appellate Procedure 1323 to this effect.

Justices Donohue, Dougherty and McCaffery join this concurring statement.